IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES MENEFEE,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>LELAND McEWEN, Warden, California State Prison at Calipatria,<br><br>　　　　　　　Respondent. | No. 2:12-cv-00512-JKS<br><br>MEMORANDUM DECISION |

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　Presently before this Court is Robert James Menefee's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed *pro se* in February 2012.

　　　　On February 2, 2009, Menefee was convicted by a jury of corporal injury of a spouse (Cal. Pen. Code § 273.5(a)), making a criminal threat (Cal. Pen. Code § 422), violating a protective order (Cal. Penal Code § 273.6), and attempting to prevent and dissuade a victim/witness from making a report (Cal. Pen. Code § 136.1(b)(1)).  On February 6, 2009, in a bifurcated trial, Menefee was found to have a prior serious felony conviction for first-degree burglary, subjecting him to the provisions of California Penal Code §§ 667(a), (b)-(I) (imposing a 5-year enhancement for each conviction for a serious felony where the defendant has previously been convicted of a serious felony), and § 1170.12 (California's Three Strikes law).

　　　　The trial court sentenced Menefee to state prison for the upper term of four years on his corporal injury on a spouse conviction, doubled to eight years based on his prior strike; a consecutive one-third of the middle term (eight months) for his criminal threat conviction, doubled to 16 months based on his prior strike; and a consecutive term of five years based on the

§ 667(a) enhancement. The trial court imposed 146 days of concurrent jail time for Menefee's two misdemeanor convictions.

Menefee is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Calipatria State Prison.

## II. GROUNDS RAISED

In his petition filed with this Court, Menefee reiterates the ten ineffective assistance of counsel claims which he raised on direct appeal, and which the California Court of Appeal denied in a reasoned decision. He claims trial counsel was ineffective for: (1) failing to procure a handwriting expert in time for trial; (2) failing to use California Evidence Code § 1417 in the absence of a handwriting expert, which would have allowed the jury to compare handwriting samples; (3) failing to listen to the tape recording between Ashley Rosales and Menefee prior to trial; (4) failing to realize medical records had been admitted into evidence and making inappropriate statements in closing argument; (5) eliciting testimony from Okimma Menefee that Menefee had been on parole; (6) continuing to question Okimma about Menefee's parole status; (7) cross-examining Okimma about Menefee's prior acts; (8) failing to assert the clergy/penitent privilege for Rose Woodward's testimony; (9) failing to object to the giving of an instruction relating to Menefee's absence at trial; and (10) failing to fully advise him of the potential sentencing consequences of his prior conviction.

Menefee brought these claims on direct appeal, and the California Court of Appeal denied all claims in a reasoned decision. The California Supreme Court denied Menefee's Petition for Review without comment. Menefee did not file a Petition for Writ of Habeas Corpus with any state court.

In his petition filed with this Court, Menefee argues that this Court should reverse his conviction and remand with an order directing that he be allowed the benefit of a plea bargain of which he claims he was not fully advised.

Respondent has answered, and Menefee has replied.

### III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established

3

Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted). In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Robinson v. Ignacio*, 360 F.3 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Under *Strickland v. Washington*, to demonstrate ineffective assistance of counsel, Menefee must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. Menefee must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158

4

> L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard. *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, the focus is not on whether counsel's performance fell below the *Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different from an *incorrect* application of federal law." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (emphasis in the original).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Id.* at 786.

Menefee bears the burden of proving that counsel's trial strategy was deficient. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. "[He] bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy." *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001). "In determining whether the defendant received effective assistance of counsel, 'we will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight,' but rather, will defer to

5

counsel's sound trial strategy." *Id*. (quoting *Strickland*, 466 U.S. at 689). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." *Strickland*, 466 U.S. at 681.

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The court must then consider those acts or omissions against "prevailing professional norms." *Id*. Even then, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

<u>Claim One: failure to procure a handwriting expert in time for trial</u>

Menefee argues that trial counsel was ineffective for failing to procure a handwriting expert, stating that "[t]here seems to be no rational reason to delay a request of this nature until the middle or end of trial[.]" On direct review, the California Court of Appeal held that counsel's performance did not fall below an objective standard of reasonableness because counsel had attempted to procure a handwriting expert and had delayed seeking appointment of the expert at the government's expense in reliance on Menefee's representation that he would pay the difference between the expert's fees and the amount the county would pay. *People v. Menefee*, C061642, 2010 WL 5141840, at *8 (Cal. Ct. App. Dec. 17, 2010).

Menefee's claim fails because he does not explain what the expert would have testified to had he or she been called. Mere speculation that the expert would have testified favorably to Menefee is insufficient to establish ineffective assistance of counsel. *See Strickland,* 466 U.S. at

695; *see also Dows v. Wood,* 211 F.3d 480, 486 (9th Cir. 2000) (denying ineffective assistance of counsel claim on habeas review based on lack of preparation for failure to call witnesses when no affidavits were submitted to support petitioner's assertion as to what testimony would have been provided); *Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir.1997) (speculating as to what expert would say is not enough to establish prejudice).

Moreover, the court of appeal did not unreasonably conclude that defense counsel's performance was within the range of reasonable professional performance. *Strickland*, 466 U.S. at 687. Rather, there was a rational reason to delay a request for a handwriting expert–namely, Menefee's representation that he would pay the difference between the expert's fee and the amount the county was willing to pay. The U.S. Supreme Court has held that "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id*. at 691. In fact, "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id*. Menefee is accordingly not eligible for relief on this claim.

<u>Claim Two: failure to invoke California Evidence Code § 1417 to allow the jury to compare  handwriting samples in the absence of a handwriting expert</u>

Menefee argues that defense counsel's failure to invoke California Evidence Code Section 1417 to allow the jury to compare handwriting samples in the absence of a handwriting expert amounted to ineffective assistance of counsel. On direct appeal, the California Court of Appeal held that although defense counsel's lack of awareness of this evidentiary rule reflected a deficient performance, it was not prejudicial. *Menefee*, 2010 WL 5141840, at *8.

The court of appeal's conclusion was not unreasonable. *Strickland*, 466 U.S. at 687. Rather, the court's holding was supported by the "numerous obvious distinctions" it noted in the

handwriting samples, leading it to conclude that it was unlikely that a jury would determine that Okimma wrote the letter in question. *Menefee*, 2010 WL 5141840, at *8. Menefee has failed to provide any evidence, such as an affidavit that the handwriting expert would have testified in his favor, to rebut this finding. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 340. Moreover, the court's holding was supported by the "simply overwhelming evidence" against Menefee, causing the court to hold that even if the jury were to conclude that Okimma wrote the letter it was still not reasonably probable that the jury would have acquitted Menefee. *Id*. Among other things, the facts of the attack and threats made by Menefee were witnessed by and testified to by a neutral eyewitness, Okimma's injuries were witnessed by multiple parties, a radiologist confirmed the injury to Okimma's arm, Menefee called his mother-in-law and admitted to the attack saying he "felt good about it," and Menefee also telephoned one of the witnesses to the attack to inquire about Okimma's condition and to see if they had called the police. *Id*. Given the evidence against Menefee, it is not possible that fairminded jurists could disagree with the court of appeal's holding that Menefee failed to establish that the deficient performance by counsel prejudiced his defense and rendered the trial unfair. *Richter*, 131 S. Ct. at 786. Therefore, Menefee is not eligible for relief on this claim.

<u>Claim Three: failure to listen to the tape recording between Rosales and Menefee prior to trial</u>

Menefee argues that trial counsel was ineffective for failing to review audiotapes of conversations between Menefee and Rosales ahead of time because, if he had, counsel would not have called Rosales to testify. On direct review, the California Court of Appeal held that although counsel's performance was deficient, it was not prejudicial. *Menefee*, 2010 WL 5141840, at *9.

8

The court of appeal did not unreasonably conclude that defense counsel's performance was not prejudicial. *Strickland*, 466 U.S. at 687. Although establishing that Rosales had committed prostitution at Menefee's behest was not helpful to the defense, it is not possible that fairminded jurists could disagree that Menefee failed to establish that counsel's performance prejudiced his defense and rendered the trial unfair. *Richter*, 131 S. Ct. at 786. Rather, the court of appeal's holding was supported by the theory that defense counsel most likely would have called Rosales to testify in any event because her testimony was critical to the defense's theory that Okimma was making false accusations against Menefee out of jealousy. Moreover, it was supported by the court's finding that, even accepting defense counsel's claim that he would not have called Rosales to testify had he listened to the tapes ahead of time, the evidence against Menefee was overwhelming and there is no reasonable probability that the jury would have otherwise reached a different result. Accordingly, Menefee is not eligible for relief on this claim.

<u>Claim Four: failing to realize medical records had been admitted into evidence and making inappropriate statements in closing argument</u>

Menefee argues in his petition that defense counsel's failure to realize that Okimma's medical records had been admitted into evidence led him to make "inappropriate arguments during his closing statements that the prosecution had not provided evidence of injury and that there were no medical records supporting the injuries[.]" On direct appeal, the court of appeal concluded that although it was "embarrassing that defense counsel was ignorant of what evidence had been introduced," counsel's performance was not prejudicial. *Menefee*, 2010 WL 5141840, at *10.

The court of appeal's conclusion was not unreasonable. *Strickland*, 466 U.S. at 687. Given the fact that the court gave CALCRIM No. 222 instructing the jury that nothing said by the

9

attorneys during argument constitutes evidence, it is not possible that fairminded jurists could disagree with the court of appeal's holding that Menefee failed to establish that the deficient performance by counsel prejudiced his defense and rendered the trial unfair. *Richter*, 131 S. Ct. at 786. Accordingly, Menefee is not entitled to relief on this claim.

<u>Claim Five: eliciting testimony from Okimma that Menefee had been on parole</u>

Menefee argues that trial counsel "invited" error by questioning Okimma about Menefee's parole status. On direct appeal, the California Court of Appeal held that Menefee failed to establish that counsel was either deficient or that counsel's performance prejudiced Menefee's defense, and that in any event, there was no reasonable probability that in the absence of Okimma's response regarding Menefee's parole status the jury would have reached a more favorable result. *Menefee*, 2010 WL 5141840, at *11.

The court of appeal did not unreasonably conclude that Menefee failed to establish either prong of the *Strickland* test. *Strickland*, 466 U.S. at 687. As the court of appeal noted, the right to counsel does not amount to the right of perfect assistance. *See id.* at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). The court of appeal's holding was supported by the theory that, although counsel's unclear question led to an unintended response, the evidence against Menefee was overwhelming and there was no reasonable possibility that a jury would have reached a more favorable result even in the absence of such testimony. It is therefore not possible that fairminded jurists could disagree that Menefee failed to establish that the performance by counsel prejudiced his defense and rendered the trial unfair. *Richter*, 131 S. Ct. at 786. Menefee is accordingly not eligible for relief on this claim.

<u>Claim Six: continuing to question Okimma about Menefee's parole status</u>

Menefee argues that trial counsel "compounded" his previous error of eliciting testimony from Okimma that Menefee had been on parole by continuing to question her about Menefee's parole status. On direct appeal, the California Court of Appeal held that defense counsel's further questioning of Okimma was likely the result of a reasonable tactical decision, and therefore counsel's performance did not fall below an objectively reasonable standard of conduct. *Menefee*, 2010 WL 5141840, a *11.

The court of appeal did not unreasonably conclude that defense counsel's line of questioning was a reasonable trial tactic and accordingly that counsel's performance was not deficient. *Strickland*, 466 U.S. at 687. According to the record, defense counsel was attempting to mitigate any prejudice caused by Okimma's disclosure that Menefee had been on parole by impeaching her about the circumstances of his parole status–namely, that he was not on parole for any violent offense against Okimma, and that Okimma had a history of attempting to get Menefee in trouble by making false accusations to his parole officer and different statements to various investigators. Under these circumstances, it is not possible that fairminded jurists could disagree with the court of appeal's holding that Menefee failed to establish that this trial strategy amounted to a deficient performance by defense counsel. *Richter*, 131 S. Ct. at 786. Accordingly, Menefee is not entitled to relief on this claim.

<u>Claim Seven: cross-examining Okimma about Menefee's prior acts</u>

Menefee argues that trial counsel was ineffective for eliciting "brutal details" about Menefee's prior acts "without any apparent reason other than to attempt to impeach the witness about an insignificant and fleeting mention of a weapon." On direct appeal, the California Court

11

of Appeal held that counsel's questioning sought to fundamentally undermine Okimma's credibility, and that "ineffective assistance of counsel cannot be predicated on counsel's reasonable, albeit unsuccessful, tactical choices." *Menefee*, 2010 WL 5141840, at *12 (citations omitted).

The court of appeal did not unreasonably conclude that defense counsel's line of questioning was a reasonable trial tactic. *Strickland*, 466 U.S. at 687. Rather, there was a reasonable argument that defense counsel satisfied *Strickland's* deferential standard–that defense counsel sought not only to establish inconsistencies in Okimma's statements about the 2006 incident, but also that she had a tendency to elaborate in her descriptions of the incidents in an effort to get Menefee in trouble. *Richter*, 131 S. Ct. at 788. Counsel's strategy need not have been the best practice or the most common custom in order to satisfy the requirements of the Sixth Amendment; instead, the question is whether counsel's practice amounted to incompetence under "prevailing professional norms." *Id*. Given that defense counsel sought to fundamentally undermine Okimma's testimony, it is not possible that fairminded jurists could disagree with the court of appeal's holding that Menefee failed to establish that this trial strategy failed to satisfy prevailing professional norms. *Richter*, 131 S. Ct. at 786. Menefee is accordingly not entitled to relief on this claim.

<u>Claim Eight: failing to assert the clergy/penitent privilege for Woodward's testimony</u>

After the incident, Menefee telephoned Rose Woodward and told her that "he had jumped on your daughter and he felt good about it." Based on Woodward's status as an ordained minister and her testimony that she tried to "counsel" Menefee when she spoke to him, Menefee argues that trial counsel was ineffective for failing to assert the penitent privilege under

California Evidence Code 1033. On direct appeal, the California Court of Appeal held that an assertion of the clergy penitent privilege would not have been successful, and that counsel was not obligated to assert a meritless argument. *Menefee*, 2010 WL 5141840, *12.

The court of appeal did not unreasonably conclude that Menefee failed to establish ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Rather, there was a reasonable argument that defense counsel satisfied *Strickland's* deferential standard–that is, that raising the privilege would not have been successful because there was nothing in the record to indicate that Menefee telephoned Woodward either in her capacity as a minister or in confidence, both necessary elements of asserting the privilege under California law. *Richter*, 131 S. Ct. at 788. On habeas review, this Court is bound by the state court's interpretation of state law, *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), including its interpretation of California Evidence Code, and the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence, 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 340. Menefee has not met that burden. Citing California case law which mirrors U.S. Supreme Court precedent, the court of appeal correctly noted that counsel will not be deemed ineffective for failing to raise a meritless argument. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) (holding that failing to raise a meritless objection cannot constitute prejudice under a *Strickland* ineffective assistance of counsel claim).

Given that asserting the privilege would have been unsuccessful under state law and defense counsel is not required to raise meritless arguments, it is not possible that fairminded jurists could disagree with the court of appeal's holding that Menefee failed to establish that trial

counsel's performance was either deficient or prejudicial. *Richter*, 131 S. Ct. at 786. Menefee is therefore not eligible for relief on this claim.

Claim Nine: failure to object to the instruction given relating to Menefee's absence at trial

Menefee argues that defense counsel was ineffective for failing to object to the trial court's instruction that Menefee's absence for part of the trial "is not evidence but you can consider it." However, as the court of appeal noted, defense counsel did object to the instruction on the ground that it was unnecessary but not on the ground that it was erroneous. The court of appeal held that, even assuming the instruction was erroneous, Menefee did not suffer any prejudice as a result of counsel's failure to object on that ground. *Menefee*, 2010 WL 5141840, at *13.

Even assuming that the instruction was erroneous and defense counsel was deficient for failing to raise that objection, the court of appeal did not unreasonably conclude that Menefee failed to establish that defense counsel's performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Rather, the court of appeal's holding is supported by the overwhelming evidence against Menefee which was properly considered by the jury. Accordingly, fairminded jurists could not disagree that Menefee failed to establish that trial counsel's performance rendered the trial fundamentally unfair. *Richter*, 131 S. Ct. at 786. Menefee is therefore not eligible for relief on this claim.

Claim Ten: failure to advise Menefee of the possible sentencing consequences of a prior conviction

Menefee argues that he was denied the effective assistance of counsel because his counsel failed to adequately advise him that he was subject to a five-year sentence enhancement. Citing

14

*Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012), in his Reply, Menefee argues that "but for that failure," he would have accepted a sentence of four years which was offered by the prosecution.

The Amended Complaint alleged that Menefee had a prior strike which brought him within the provisions of the California Penal Code providing for the doubling of the term of imprisonment received and the imposition of a five-year enhancement.

At trial, the court stated that it wanted on the record "the offer from the District Attorney for resolving this case." The attorneys stated the following:

> MR. DAVIS: Yes, Your Honor. Carlton Davis for the People.
> And the offer that is being extended to Mr. Menefee before we start picking the jury is low term times two, which is four years in state prison.
>
> THE COURT: And from the District Attorney's perspective, the potential exposure is how many years?
>
> MR. DAVIS: Thirteen years, your honor.[1]
>
> THE COURT: Okay. And, Counsel, your appearance? This is the first time on the record.
>
> MR. MARTIN: Jem, J-e-m, Martin for Mr. Menefee.
>
> THE COURT: And he is present.
>
> MR. MARTIN: Who is present.
> That has essentially been the offer for most of this case. There was a brief period of time when there was an offer to strike the strike.

---

[1] The court of appeal noted that the prosecutor was wrong in stating that Menefee could receive a sentence of thirteen years if convicted. Menefee was ultimately sentenced to a total of fourteen years and four months. Respondent suggests that the prosecutor may have failed to consider the possibility of a consecutive sentence for the second offense. However, Menefee did not claim in state court and does not now claim that he would have accepted the offer if he had known his full exposure was fourteen years and four months instead of thirteen years. Rather, he claims that if he had been advised of the five-year enhancement he would have accepted the plea offer.

> Nonetheless, I've discussed this particular offer and all offers with Mr. Menefee in great detail.

On direct examination, the prosecution asked Okimma about contact she had with Menefee since the incident leading to his arrest. Okimma stated that Menefee called her from prison. Menefee asked Okimma if she was going to appear in court and informed her that he was "not accepting any time."

As part of his motion for a new trial, defense counsel submitted a declaration stating that he failed to advise Menefee of his maximum exposure and that he was subject to the five-year enhancement. Menefee also submitted a declaration in support of his motion for a new trial in which he stated he would have taken the prosecution's offer of four years but for the failure of defense counsel to advise him of the five-year enhancement.

The California Court of Appeal rejected Menefee's claim as follows:

> The record reflects that when defendant was first sent out for trial in Department 13, the prosecution offered defendant a plea bargain of the "low term times two, which is four years in state prison." The trial court asked the prosecutor to state defendant's potential sentence exposure. The prosecutor stated defendant's potential exposure was 13 years. Defense counsel confirmed that the four year offer had been the offer for most of this case and then told the trial court that: "I've discussed this particular offer and all offers with Mr. Menefee in great detail." Defendant was present in court when this discussion was held.
>
> As the People point out, defense counsel's declaration appears inconsistent with his representation to the trial court that he had discussed all offers with defendant "in great detail," but in any event, any failure of counsel to advise defendant of the five-year enhancement was of no consequence because defendant knew from the statement of the prosecutor that he could receive a sentence of 13 years if convicted. The only way defendant could be exposed to a 13-year sentence was if there was an additional five-year enhancement applicable to him because of his prior strike. Yet he refused to accept any offered plea bargain. Defendant has not established he suffered prejudice from defense counsel's now asserted lack of advice and therefore, has not established ineffective assistance of counsel.

*Menefee*, 2010 WL 5141840, at *14.

The court of appeal did not unreasonably conclude that Menefee failed to establish that he suffered any prejudice as a result of counsel's alleged failure to advise him of the sentencing enhancement. *Strickland*, 466 U.S. at 687.

In *Lafler v. Cooper*, 132 S. Ct. 1376, the Supreme Court held that defendants have a Sixth Amendment right to counsel, which extends to the plea bargaining process. *Id*. (citations omitted). The Supreme Court held that in order to establish *Strickland* prejudice in the context of the plea bargaining process, a "defendant must show the outcome of the plea process would have been different with competent advice." *Id*. (citation omitted). Specifically, where trial counsel's advice caused the defendant to reject a plea offer and proceed to trial, the defendant must show that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id*. at 1385.

There is nothing in the record to indicate that defense counsel ever told Menefee that his total exposure if he went to trial was less than the prosecutor's estimate of thirteen years. Absent a reasonable basis for concluding that Menefee was misadvised about his maximum exposure, the allegation that the enhancement was not discussed does not establish ineffective assistance of counsel under *Lafler*.

Moreover, there is evidence that even if defense counsel had explicitly advised Menefee that he would be subject to the enhancement, Menefee still would have rejected the plea offer. The prosecution stated on the record and in Menefee's presence that Menefee could serve up to

13 years in prison, which necessarily accounted for the five-year enhancement. The prosecution made more than one plea offer, and Menefee's counsel represented that he had discussed these offers in depth with his client. Menefee rejected all plea offers, including an offer of no jail time. In addition, Menefee's statement to Okimma constituted an admission that he would not have accepted any offer involving any period of imprisonment. Fed. R. Evid. 801(d)(2).

Construing the record most favorably to the state, the court of appeal's holding that Menefee was not prejudiced was not unreasonable since Menefee knew his total exposure was at least thirteen years and he turned down a no jail time offer during trial. *Strickland*, 466 U.S. at 687. Even assuming that counsel failed to adequately advise Menefee of the five-year enhancement, Menefee failed to establish that there is a reasonable probability that but for counsel's errors, he would have accepted the plea. *Lafler,* 132 S. Ct. at 1385. Menefee is therefore not eligible for relief on this claim.

## V. CONCLUSION

Menefee is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court grants a Certificate of Appealability solely with respect to whether Menefee was denied his Sixth Amendment right to the effective assistance of counsel pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, where counsel allegedly failed to inform Menefee that he was subject to the five-year enhancement. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: March 29, 2013.

        /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge